UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARIM DOSSO,

                Plaintiff,

-against-

TD BANK; ILYA MEKHITEV; VANESSA REYNA; CAROL HASENTAB,

                Defendants.

20-CV-0572 (JMF)

ORDER OF SERVICE

JESSE M. FURMAN, United States District Judge:

    Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the New York State and City Human Rights Laws, alleging that his employer discriminated against him based on his race and sex. By order dated January 23, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

## DISCUSSION

**A.    Service on Defendants**

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of

time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants TD Bank, Ilya Mekhitev, Vanessa Reyna, and Carol Hasentab through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for TD Bank, Ilya Mekhitev, Vanessa Reyna, and Carol Hasentab, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

    SO ORDERED.

Dated:    January 24, 2020  
           New York, New York

                                              JESSE M. FURMAN  
                                             United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. TD Bank
   1290 6th Avenue
   New York, New York 10104

2. Ilya Mekhitev
   TD Bank
   1290 6th Avenue
   New York, New York 10104

3. Vanessa Reyna
   TD Bank
   1290 6th Avenue
   New York, New York 10104

4. Carol Hasenstab
   TD Bank
   1290 6th Avenue
   New York, New York 10104